# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4331 | **DATE** | June 6, 2012 |
| **CASE TITLE** | U.S. ex rel. Steven Robbins (#145839) vs. State of Illinois | | |

**DOCKET ENTRY TEXT**

Petitioner is granted thirty days in which to: (1) either pay the $5.00 statutory filing fee or file a motion for leave to proceed *in forma pauperis* and (2) show good cause in writing why his petition should not be dismissed without prejudice for failure to exhaust his state court remedies. Failure of Petitioner to fully comply with this order within thirty days will result in summary dismissal of this case. The Clerk shall send Petitioner an application to proceed *in forma pauperis* and a copy of this order.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Steven Robbins, an Indiana prisoner, has filed a *pro se* petition for a writ of *habeas corpus* seeking the dismissal of pending state criminal charges in Cook County, Illinois, based on an alleged violation of the Interstate Agreement on Detainers, 28 U.S.C. app. 2, § 2.
    Although the Clerk has accepted this *pro se* petition for a writ of habeas corpus for docketing pursuant to Rule 5(e) of the Federal Rules of Civil Procedure, Petitioner has neither paid the $5 filing fee nor filed a motion for leave to file *in forma pauperis*. Petitioner did include a letter with his habeas petition indicating that the $5 filing fee was mailed in a separate envelope, however, the Court has not received such payment. Accordingly, if Petitioner wishes to proceed with this action, he must either pay the $5 filing fee or, in the alternative, file an *in forma pauperis* application complete with a certificate from a prison official stating the amount on deposit in the prisoner's trust account. If Petitioner does not pay the filing fee or file a fully completed *in forma pauperis* application within 30 days, the Court shall dismiss this action.
    As an additional concern, it appears that Petitioner has not exhausted is state court remedies.
    This Court can neither (1) address a claim in a § 2254 proceeding that has not been exhausted, i.e. fairly presented at each level of state court review (except in exceptional circumstances where the petitioner demonstrates cause and prejudice or that he is actually innocent), *see* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); nor (2) address a claim that is currently pending in state court. An inmate who seeks to challenge a state conviction under 28 U.S.C. §2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982), *see also United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991)(federal court may require exhaustion of state court remedies for habeas petition filed pursuant to 28 U.S.C. § 2241 as a matter of comity).
    Here, Petitioner alleges that the Cook County Circuit Court has ignored Petitioner's request for a speedy trial as provided by the Interstate Agreement on Detainers. Petitioner alleges that he has filed several motions in the Cook County Circuit Court and that the Cook County Circuit Court has failed to respond to such motions. Petitioner does not allege that he has filed any appeals with the Illinois Courts or that he has fully exhausted his state court remedies as to his present claim.
    Petitioner must first fully exhaust his state court remedies. *See Boettcher v. Doyle*, 105 Fed. Appx. 852 (7th Cir. 2004) (affirming dismissal of habeas petition alleging violation of the Interstate Agreement on Detainers for failing to exhaust state court remedies); *Soler v. State of Indiana*, 47 F.3d 1173 (7th Cir. 1995) (same). Accordingly, the Court gives Petitioner thirty days in which to show cause why this action should not be dismissed without prejudice for failing to exhaust his state court remedies.

| **STATEMENT** |
|---|
| For the foregoing reasons, Petitioner is granted thirty days in which to: (1) either pay the $5.00 statutory filing fee or file a motion for leave to proceed *in forma pauperis* and (2) show good cause in writing why the habeas petition should not be dismissed for failing to exhaust his state court remedies. Failure of Petitioner to fully comply with this order within thirty days will result in summary dismissal of this case. |
|  |